UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Richard DeJesus Pineda,              Case No. 15-17593
        Amy Elizabeth Figueroa Fred,         Chapter 13

_____Joint Debtor (s)_____/

## MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON PERSONAL PROPERTY

### IMPORTANT NOTICE TO CREDITORS:
### THIS IS A MOTION TO VALUE YOUR COLLATERAL

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

---

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]

1.  Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value personal property securing the claim of <u>Ally Financial</u> ("Lender").

2.  *(Select only one)*:

    _X_ Lender's collateral consists of a motor vehicle and is particularly described as follows:

LF-102  (rev. 08/01/11)              Page 1 of 3

       Year and Model of motor vehicle: 2008 Nissan Rogue
       Vehicle Identification Number (VIN #): JN8AS58TX8W016746
       Odometer reading: 70,294 miles

    ___  Lender's collateral consists of a lien on personal property other than a motor vehicle and is particularly described as follows:

3.    At the time of the filing of this case, the value of the personal property is $5,500.00 as determined by a CAMAX appraisal..

4.    The undersigned reviewed the docket and claims register and states (select only one):

    ___  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 3, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed. Lender's secured claim shall be paid through the plan at ____% and for a total of $_____.

or

    _X_  Lender filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 3, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim. Lender's secured claim shall be paid through the plan at  3.25 % and for a total of $5,966.40.

5.    The subject personal property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE**, the debtor respectfully requests an order of the Court (a) determining the value of the personal property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, and (d) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.    In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without

further notice, hearing, or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**

Jacqueline C. Ledón, Esquire
Legal Services of Greater Miami, Inc,
3000 Biscayne Blvd., Suite 500
Miami, FL 33137
305-438-2401
jledon@legalservicesmiami.org